IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENETECH, INC., <br> 2245 Sequoia Drive, Suite 300 <br> Aurora, IL 60545 | ) <br> ) <br> ) | |
| Plaintiff, | ) | Case No. _____ |
| vs. | ) <br> ) | Judge _____ |
| PPL GENERATION, LLC, <br> Two North Ninth Street <br> Allentown, PA 18101-1179 | ) <br> ) <br> ) | Magistrate Judge _____ |
| | ) <br> ) | **JURY TRIAL DEMAND ON ALL COUNTS** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Benetech, Inc. ("Benetech"), by its attorneys, Buchanan Ingersoll & Rooney PC, complains of Defendant, PPL Generation, LLC, ("PPL"), as follows:

### COMMON COUNTS
### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Benetech, is an Illinois corporation with its principal place of business located in Aurora, Illinois. Benetech is in the business of designing, manufacturing and servicing integrated systems to address environmental issues arising from the handling and use of bulk materials in industry. A primary focus of Benetech is in reducing operating risk and managing dust generated by coal in the electric utility industry. Benetech's principal products include transfer chutes, dust collectors, wash down systems, dust suppressant chemicals and associated application equipment, used in conjunction with dust management systems which Benetech markets and sells. Benetech conducts business throughout the United States and internationally.

2. Defendant, PPL, is a Delaware limited liability company with its principal place of business in Allentown, Pennsylvania. PPL produces power and energy, including electricity, from coal sources, at multiple locations in the State of Pennsylvania.

3. Jurisdiction in this Court is premised upon 28 U.S.C. §1332 since the matter in controversy exceeds the sum of Seventy-five Thousand and no/100 ($75,000.00) Dollars, exclusive of interest and costs and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) since PPL resides in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district. In addition, the parties have contractually agreed to jurisdiction and venue in this district.

## COUNT I
## BREACH OF CONTRACT — MONTOUR

5. The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

6. On or about February 5, 2009, Benetech and PPL entered into a contract through which Benetech was to design and fabricate certain coal handling, dust collectors and dust suppression equipment for PPL's Montour SES Power Plant in Washingtonville, PA ("Montour Plant"). The contract provided for Benetech's design and supply of certain chutes, dust suppressants and related feeders, belts, conveyors, structural supports, tanks, piping and related equipment (collectively, the "Dust Suppression Equipment") at PPL's Montour Plant. A true and correct copy of the contract as amended, inclusive of exhibits incorporated therein (the "Montour Agreement"), will be served on PPL with the Complaint.[1]

---

[1] Due to a confidentiality provision in the Montour Agreement, Benetech is not filing the Montour Agreement with the Complaint, but will do so if directed by the Court.

7. Pursuant to the Montour Agreement, Benetech designed and delivered the Dust Suppression Equipment for PPL's Montour Plant.

8. The Montour Agreement states that it includes a Design Basis Document incorporated by reference into the Montour Agreement as Exhibit J thereto which Benetech was to use in the design and fabrication of the Dust Suppression Equipment to be installed at PPL's Montour Plant. The Design Basis Document was provided to PPL by Benetech and was accepted by PPL.

9. The Dust Suppression Equipment, designed and delivered by Benetech per the Montour Agreement, complied with the Montour Agreement.

10. Benetech complied with and performed its obligations under the Montour Agreement in all material respects.

11. Notwithstanding Benetech's performance of all conditions precedent called for in the Montour Agreement, PPL has failed to pay Benetech monies owed under the Montour Agreement and has so refused to pay such amounts due under the contract notwithstanding Benetech's demand for payment.

12. PPL breached the Montour Agreement by failing to pay Benetech monies due to Benetech pursuant to the Montour Agreement in the amount of $803,113.

13. As a consequence of PPL's breach of contract, Benetech has been damaged.

WHEREFORE, Plaintiff, Benetech requests that the Court enter judgment in its favor and against Defendant, PPL, as follows:

    A. Awarding Benetech compensatory damages of $803,113;

    B. Awarding Benetech pre-judgment interest as provided by applicable law on all amounts owed by PPL; and

      C.      Awarding Plaintiff such further relief as the Court deems proper.

## COUNT II
## BREACH OF CONTRACT — BRUNNER ISLAND

14.      The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

15.      On or about October 15, 2009, Benetech and PPL entered into a contract for Benetech to design and supply certain coal handling, dust collectors and dust suppression equipment for PPL's Brunner Island Plant in York Haven, PA ("Brunner Island Plant"). The contract provided for Benetech's design and fabrication of certain chutes, dust suppressants and related feeders, belts, conveyors, structural supports, tanks, piping and related equipment (collectively, the "Dust Suppression Equipment") at PPL's Brunner Island Plant. A true and correct copy of the contract as amended, inclusive of exhibits incorporated therein (the "Brunner Island Agreement"), will be served on PPL with the Complaint.[2]

16.      Pursuant to the Brunner Island Agreement, Benetech designed, fabricated and delivered the Dust Suppression Equipment for PPL's Brunner Island Plant.

17.      The Brunner Island Agreement states that it includes a Design Basis Document incorporated by reference into the Brunner Island Agreement as Exhibit J thereto which Benetech was to use in the design and fabrication of the Dust Suppression Equipment to be installed at PPL's Brunner Island Plant. The Design Basis Document was provided to PPL by Benetech and was accepted by PPL.

18.      The Dust Suppression Equipment, designed and delivered by Benetech per the Brunner Island Agreement, complied with the Brunner Island Agreement.

---

[2] Due to a confidentiality provision in the Brunner Island Agreement, Benetech is not filing the Brunner Island Agreement with the Complaint, but will do so if directed by the Court.

19. Benetech complied with and performed its obligations under the Brunner Island Agreement in all material respects.

20. Notwithstanding Benetech's performance of all conditions precedent called for in the Brunner Island Agreement, PPL has failed to pay Benetech monies owed under the Brunner Island Agreement and has so refused to pay such amounts due under the contract notwithstanding Benetech's demand for payment.

21. PPL breached the Brunner Agreement by failing to pay Benetech monies due to Benetech pursuant to the Brunner Island Agreement in the amount of $1,543,856.

22. As a consequence of PPL's breach of contract, Benetech has been damaged.

WHEREFORE, Plaintiff, Benetech requests that the Court enter judgment in its favor and against Defendant, PPL, as follows:

   A. Awarding Benetech compensatory damages in the amount of $1,543,856;

   B. Awarding Benetech pre-judgment interest as provided by applicable law on all amounts owed by PPL; and

   C. Awarding Plaintiff such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Benetech demands trial by jury in this action of all issues so triable.

       Respectfully submitted,

       BENETECH, INC.,

By:  /s/ Robert J. Fitzgerald
   Robert J. Fitzgerald, Esq. (PA I.D. No. 85142)
   BUCHANAN INGERSOLL & ROONEY PC
   Two Liberty Place
   50 S. 16th Street, Suite 3200
   Philadelphia, PA 19102-2555
   (215) 665-8700
   robert.fitzgerald@bipc.com